United States District Court
Southern District of Texas

**ENTERED**

May 11, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HENLEY MENEFEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:14-cv-01705 |
| | § | |
| HOUSTON POLICE DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM AND RECOMMENDATION
ON DEFENDANTS' MOTION TO DISMISS**

This matter was referred by United States District Judge Lee H. Rosenthal, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #17). In this case, Plaintiff Henley Menefee ("Plaintiff," "Menefee"), proceeding *pro se*, brings claims against Defendants the Houston Police Department and Officer R. Dunn ("HPD," "the Department," "Dunn," collectively, "Defendants") for civil rights violations, based on an alleged failure to file a police report and an unlawful arrest. (Plaintiff's Amended Complaint ["Third Amended Complaint"] at 2, Docket Entry #13). Before the court is a motion to dismiss, which was filed by Defendants. (Defendants' Motion to Dismiss Plaintiff's Amended Complaint ["Motion to Dismiss"], Docket Entry #27). Plaintiff has not filed a response to that motion. After considering the pleadings, the applicable law, and Plaintiff's litigation history in this district, it is RECOMMENDED that this case be DISMISSED, with prejudice, for the reasons set out below.

**Background**

Henley Menefee is well known to the courts of this district. Since January, 2014, Menefee

has filed at least eighteen lawsuits, the majority of which has been dismissed. *See, e.g., Menefee v. Houston Police Department*, No. 4:14-mc-01711 (request to proceed *in forma pauperis* denied); *Menefee v. Obama,* No. 4:14-mc-819 (request to file criminal charges denied); *Menefee v. Obama II*, No. 4:14-mc-1123 (request to file criminal charges again denied); *Menefee v. Coca Cola*, No. 4:14-cv-02021 (request to proceed *in forma pauperis* denied); *Menefee v. Disney*, No. 4:14-mc-981 (request to proceed *in forma pauperis* denied); *Menefee v. Google*, No. 4:14-cv-3429 (dismissed for failing to state a claim); *Menefee v. Nike*, No. 4:15-mc-2002 (request to proceed *in forma pauperis* denied); *Menefee v. Roc-a-Fella Records*, No. 4:14-cv-3493 (dismissed for failing to state a claim). In fact, on March 24, 2015, Judge Lynn Hughes of the United States District Court for the Southern District of Texas, issued an order to preclude Plaintiff from filing new cases in this district without first receiving written permission to do so.  (Preclusion Order*, Menefee v. Google*, No. 4:14-cv-3429, Docket Entry #14). The order stated that, although "[t]he grounds for [Menefee's] claims vary, each complaint is marred with unsubstantiated, unjustifiable legal conclusions." (*Id*.).

In this case, Menefee alleges that, in March, 2013, he attempted to file a report with the Major Assault Division of the Houston Police Department ("HPD"), but was told that he could not do so. (Third Amended Complaint at 1). Notwithstanding that allegation, Menefee did file a police report on June 25, 2013. (*Id*.). Plaintiff claims that, when he called HPD to inquire about the status of his report, he was informed that it was "not in the system." (*Id*.). On July 22, 2013, Menefee reportedly contacted HPD, and requested a conference with the chief of police to discuss the June, 2013 report. (*Id*. at 2). The pleadings do not recite any details of that proposed conversation.

2

According to the Third Amended Complaint, on an unspecified date, Defendant Dunn and another HPD officer arrived at Menefee's home to discuss an unidentified report[1] that he had apparently made to the Department. (Third Amended Complaint at 2). After Plaintiff explained the charges that he had lodged in that report, Dunn allegedly "approached [him, told him] to put [his] hands behind [his] back[,] and started to arrest [him]." (*Id.*). He claims that the officers then grabbed his arms, and that Dunn "hit [him] in [his] neck[,] and kicked [him.]" (*Id.*). Menefee alleges that the officers continued to wrestle with him, until two other deputies arrived, when he was then "slammed" to the ground, handcuffed, and transported to the hospital. (*Id.*).

On June 17, 2014, Plaintiff filed this action against the Houston Police Department and Officer R. Dunn. (Complaint, Docket Entry #1). In his original complaint, Plaintiff alleges that Defendants "deprived [him] of rights, privileges[,] and immunities[,]" guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983. (*Id.* at 3). He also seeks relief under 18 U.S.C. § 241, generally claiming that Defendants "depriv[ed him of his] rights[.]" (*Id.* at 2). On June 18, 2014, this court entered a "Notice to Pauper of Case Opening," informing Plaintiff that he must serve Defendants with the Complaint, pursuant to Rule 4 of the Federal Rules of Civil Procedure, and that a failure to do so within 120 days may result in the dismissal of his case. (Docket Entry #2). On January 23, 2015, Plaintiff amended his complaint to include an additional claim under 18 U.S.C. § 242. (Plaintiff's Amended Complaint, ["Amended Complaint"] at 3, Docket Entry #6). On March 2, 2015, Plaintiff filed a second amended complaint, introducing new claims under Article I, Sections IX and XIX of the Texas Constitution. (Plaintiff's Amended Complaint, ["Second Amended Complaint"] at 3, Docket Entry #8). On April 24, 2015,

---

[1] Plaintiff's pleadings do not clarify whether the officers questioned him about the June, 2013 police report, or another incident. (Third Amended Complaint at 2).

3

Plaintiff amended his complaint for a third time, alleging that Defendants also violated his rights that are protected under the Fifth Amendment to the United States Constitution. (Third Amended Complaint at 2).

On January 25, 2016, Defendants filed this motion to dismiss, for lack of subject matter jurisdiction, and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Motion to Dismiss at 1). Defendants first argue that each claim against HPD must be dismissed, because, as an administrative subdivision of the City of Houston, the Department lacks the capacity to engage in litigation. (Motion to Dismiss at 4). Next, Defendants argue that the court lacks subject matter jurisdiction over Plaintiff's state constitutional claims, because Texas law does not provide a private right of action for violations of the Texas Constitution. (*Id*. at 8-9). They further complain that Menefee has not pleaded sufficient facts to support a claim for damages under the Texas Constitution. (*Id*. at 8). Defendants also claim that Menefee may not raise an independent cause of action under 42 U.S.C. § 1983, because that statute is a procedural vehicle only, intended to assist in redressing violations of federal law, and it does not, alone, create substantive rights. (*Id*. at 5). Again, they argue that, even assuming that Plaintiff has raised federal constitutional claims under§ 1983, his pleadings fail to detail any facts that are sufficient to support those claims. (*Id*. at 5-6). In another argument, Defendants point out that Menefee cannot bring a claim under 18 U.S. C. § 242, because he is not a prosecuting authority. (*Id*. at 9).

As to Plaintiff's claims against Officer Dunn, Defendants insist that those allegations must be dismissed under the doctrine of qualified immunity. (*Id*. at 9-10). In the alternative, Defendants contend that Menefee's § 1983 claims fail, as a matter of law, because he has not identified any policy of the City of Houston that sanctions a deprivation of his constitutional rights. (*Id.* at 6-8).

Having reviewed the pleadings, the evidence, and the applicable law, the court recommends that Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim be granted under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and that each of Plaintiff's claims against both Defendants be dismissed, with prejudice.

**Standard of Review**

***Dismissal Under Rule 12(b)(1)***

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of an action if the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc*., 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998))."The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Alfonso v. United States*, 752 F.3d 622, 625 (5th Cir. 2014) (quoting *In re FEMA Trailer Formaldehyde Prods. Liab. Litig*., 646 F.3d 185, 189 (5th Cir. 2011)). In reviewing a Rule 12(b)(1) motion, the court may rely on any of the following to decide the matter: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Here, the court has considered the complaint, as well as the sparse facts set out in the record.

If a Rule 12(b)(1) motion is filed with other Rule 12 motions, as in this case, the court should first consider the jurisdictional attack, before addressing any challenge to the merits of the case.

*Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). In that way, a court without jurisdiction will not prematurely dismiss a case with prejudice. *Id.*

A Rule 12(b)(1) motion to dismiss is characterized as either a "facial" attack, that is, the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, that is, the facts in the complaint supporting subject matter jurisdiction are questioned. *Turner Indus. Group, LLC v. Int'l Union Operating Eng'rs*, 8 F. Supp.3d 875, 883 (S.D. Tex. 2014). The attack here is "facial," because Defendants have not filed any supporting affidavits, testimony, or other evidentiary materials. *Braatz, L.L.C. v. Red Mango*, No. 15-10-10498, 2016 WL 1253679, at * 2 (5th Cir. Mar. 30, 2016). The allegations in the complaint are presumed to be true, and the court must determine whether the complaint is sufficient to sustain jurisdiction in this court. *Id.*

### Dismissal Under Rule 12(b)(6)

In ruling on a 12(b)(6) motion, the court must accept all "well-pleaded facts" as true, "'viewing them in the light most favorable to the plaintiff,'" and drawing all inferences in its favor. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *accord In Re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). That is, "the complaint's 'factual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great*

*Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). It should be noted that Plaintiff is not represented by counsel, and that he has no legal training. Although it is well established that *pro se* complaints are held to less stringent standards than those crafted by attorneys, "[t]hreadbare recitals of the elements of a cause of action," supported by "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002) (citation and internal quotation marks omitted); *Ashcroft,* 129 S.Ct. at 1949.

**Discussion**

### Claims Against Officer Dunn

In their first argument, Defendants claim that Menefee cannot recover damages against Officer Dunn for alleged violations of Article I, Sections IX and XIX of the Texas Constitution. (Motion to Dismiss at 8-9). It is true that, under Texas law, "there is no implied private right of action for damages [] for violations of the Texas Constitution." *City of Elsa v. M.A.L., et al.*, 226 S.W.3d 390, 392 (Tex. 2007) (internal quotation marks omitted). Texas courts are clear that, although equitable relief for constitutional violations may be available, a private citizen may not sue for monetary relief. *Id.* Here, Menefee demands $5,000,000, in actual damages, plus compensatory and punitive damages. (Third Amended Complaint at 4). He has not asked for any equitable relief in addition to the money damages that he is seeking. (*Id*.). On this record, the court lacks subject matter jurisdiction over Plaintiff's state constitutional claims, and it is recommended that those claims be dismissed under Rule 12(b)(1). *See Ibarra v. Houston Independent School District*, 84 F.Supp. 2d 825, fn 11 (S.D. Tex. May 10, 1999) ("Article 1, Section 19 [of the Texas Constitution] will not support a private cause of action for nonequitable, monetary damages."); *see also Tex. Dept.*

*of Family and Protective Services v. E.R. and J.R.*, 2009 WL 401622, at * 4 (Tex. App.– Corpus Christi 2009, no pet.) (finding that trial court lacked subject matter jurisdiction over plaintiffs' claims for damages for state constitutional violations).

Plaintiff has also filed a claim against Officer Dunn under 18 U.S.C. § 242, the criminal counterpart to 42 U.S.C. § 1983. (Third Amended Complaint at 2). Defendants insist that Menefee has no authority to bring a private claim under that statute. (Motion to Dismiss at 9). As previously stated in prior orders dismissing Menefee's causes of action, or denying his requests to file criminal charges, he is a private citizen and may not prosecute individuals for alleged violations of the criminal law. The prosecution of an action under 18 U.S.C. § 242 lies solely within the discretion of the Office of the United States Attorney General, leaving plaintiffs with no private right of action under that statute. *Hood v. Pope*, No. H-14-1665, 2015 WL 225042, at * 4 (S.D. Tex. Jan. 15, 2015); *Brumbaugh v. Rehnquist*, 2001 WL 376477, at *2 (N.D. Tex. Apr. 13, 2001). For that reason, Plaintiff cannot state a claim under 18 U.S.C. § 242, and his attempt to do so here, should be dismissed under Rule 12(b)(6).

Plaintiff also appears to allege a cause of action under 42 U.S.C. § 1983. (Third Amended Complaint at 2-3). However, Defendants are correct that Plaintiff cannot pursue an independent cause of action under that statute, because it is well established that § 1983 does not create any substantive rights which provide a basis for recovery. Instead, § 1983 was designed "to provide a remedy for violations of federal statutory and constitutional rights." *Garcia v. Sanchez*, 793 F.Supp.2d 866, 873 (W.D. Tex. 2011) (citing *Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 517-18, 99 S.Ct. 1905, 60 L.Ed. 508 (1979). To the extent that Plaintiff makes an independent claim under § 1983, it is recommended that it be dismissed under Rule 12(b)(6).

8

Menefee also alleges that Officer Dunn violated those rights that are protected by the Fourth, Fifth, and Fourteenth Amendments[2] to the United States Constitution. (Third Amended Complaint at 3). Defendants contend that if Plaintiff did, in fact, intend to pursue his federal constitutional claims under § 1983, those claims fail under the doctrine of qualified immunity. (*See* Motion to Dismiss at 5, 9-10). The doctrine of qualified immunity protects public officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Jennings v. Patton*, 644 F.3d 297, 300 (5th Cir. 2011) (quoting *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009). To determine whether a government official is entitled to qualified immunity, the court must inquire: (1) whether the plaintiff has alleged facts sufficient to make out a violation of a constitutional right; and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* (citing *Pearson*, 555 U.S. at 815-16). If the plaintiff fails to show that the officer's conduct violated an established constitutional right, the inquiry ends, and the defendant is immune from liability. *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003).

It is true that, as a *pro se* litigant, Menefee's pleadings are governed by less stringent standards than those of a plaintiff represented by legal counsel. *Taylor*, 296 F.3d at 378. However, a *pro se* plaintiff's pleadings are not insulated from all scrutiny. To rebut the assertion of qualified immunity, Plaintiff must show that Officer Dunn's conduct was constitutionally impermissible. *See Jennings*, 644 F.3d at 300. In this case, Menefee utterly fails to describe any of Defendant Dunn's conduct with the factual specificity necessary to establish a constitutional violation. Instead, he invokes boilerplate language to state the constitutional right that each Amendment protects, and then

---

[2] Again, Plaintiff's pleadings do not clarify whether he intended to plead his federal constitutional claims as independent causes of action, or as claims under U.S.C. 42 § 1983. (*See* Third Amended Complaint at 2-3).

9

claims that Officer Dunn violated that individual right in some unspecified manner. (Third Amended Complaint at 2). On this record, Menefee has not established that Officer Dunn violated his constitutional rights. For that reason, it is recommended that Plaintiff's claims against Dunn under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution be dismissed under the doctrine of qualified immunity.

### Claims Against a Governmental Subdivision

Defendants contend that Plaintiff's claims against the Houston Police Department ["HPD"] must be dismissed, because the Department lacks the capacity to be sued under Texas law. (Motion to Dismiss at 4). Defendants insist that Menefee cannot maintain an action against an administrative division of the City of Houston ["the City"], without the City's consent. (*Id*.). Plaintiff has not responded to the argument in any way.

In determining whether an entity has the capacity to sue and be sued, a federal district court looks to "the law of the state in which the district court is held." FED. R. CIV. P. 17(b); *Darby v. Pasadena City Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). "Under the Texas Constitution, cities having more than five thousand (5000) inhabitants may, by a majority of the qualified voters of said city, [] adopt or amend their charters." TEX. CONST. ART. XI, § 5. As a home-rule municipality, the City of Houston retains the authority to "provide for a police department." TEX. LOCAL GOV'T CODE. ANN. § 341.003 Vernon (2005). As such, the City enjoys the corresponding authority to designate whether the police department can be sued, apart from the municipality. *Pyle v. City of Harlingen*, No. 1:13-147, 2014 WL 1230026, at * 3 (S.D. Tex. Mar. 20, 2014). A police department is usually not held to be a legal entity separate from the municipality it serves. *Janthanna v. Spring Branch Indep. Sch. Dist.*, No. H-12-1047, 2012 WL 6096675, at 3 (S.D. Tex. Dec. 7, 2013)

10

(citing illustrative cases). Unless the City has taken "explicit steps to grant the [police department] [] jural authority, the [D]epartment lacks the authority to sue or be sued." *Combs v. City of Dallas*, 289 Fed. Appx. 684, 686 (5th Cir. 2008) (per curiam). Ultimately, Plaintiff bears the burden of proof on this issue. *Pyle*, 2014 WL 1230026 at * 3.

The Charter of the City of Houston reserves all the general powers of a municipality to the City of Houston itself. *See* HOUSTON CHARTER art. 2, § 2(b) (reserving to the City "all powers that are or [] may be granted to municipalities by the Constitution or laws of Texas"). Nowhere does the Charter explicitly grant HPD the power to sue or be sued. The Charter's only mention of the police department pertains to the City's right to establish the Department, as follows:

> The City of Houston shall have power by ordinance duly passed to establish and maintain the City Police Department, prescribe the duties of policemen and regulate their conduct.

HOUSTON CHARTER art. 2, § 16. The HOUSTON CODE charges the Department with performing duties that "may [] be imposed upon it [] by the laws of the state, by the ordinances of the city, by the mayor, or by the city council." HOUSTON, TEX., CODE § 34-21 (2011).

On this record, it is clear that HPD is merely a component of the municipality, rather than a distinct legal entity. Menefee has failed to show that the City ever granted HPD the authority to engage in separate litigation. In fact, Plaintiff has made no allegations suggesting that the City has assigned the Department an independent legal existence.[3] *Pyle*, 2014 WL 1230026 at * 3; *McGilbert*

---

[3] Had Plaintiff shown that HPD has the capacity to be sued, his § 1983 claim fails nonetheless, because he has not adequately alleged that Dunn's conduct deprived him of his constitutional rights. *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010), cert. denied, — U.S. —, 13 S.Ct. 2995, 180 L.Ed.2d 821, 2011 WL 1374077, (June 13, 2011). Moreover, Menefee has not shown that "an official policy [of the City of Houston] '*caused*' [Officer Dunn] to violate [his] constitutional rights." *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (emphasis added). The Fifth Circuit has held that "the official policy itself must be unconstitutional [] or have been adopted with deliberate indifference to the fact that constitutional violations would result." *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (internal quotations omitted). Plaintiff has neither identified an "official policy" depriving him of his constitutional rights, nor suggested that such a policy was the

*v. Montgomery Cnty. Sheriff's Dept.*, No. H-11-3105, 2013 WL 655706, at *2 (S.D. Tex. Feb. 20, 2013) (citing *Darby* for the proposition that a plaintiff bears the burden to show that a subdivision of a Texas municipality has the capacity to sue and be sued). Absent authorization from the City of Houston, Menefee's suit "no more can proceed against [HPD] alone than it could against the accounting department of a corporation." *Darby*, 939 F.2d at 313.

For these reasons, it is recommended that each of Plaintiff's claims against the Houston Police Department be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Pyle*, 2014 WL 1230026 at * 3 (holding that the bare allegation in *pro se* plaintiffs' complaint that the City of Harlingen Charter granted the Harlingen Police Department capacity to be sued sufficed to survive a Rule 12(b)(6) motion) *cf Mireles v. City of Harlingen*, No. 1:13-cv-81 (S.D. Tex. June 4, 2013) (finding that the Harlingen Police Department was not capable of being sued apart from the City of Harlingen when plaintiff made no showing that the city had authorized the police department to sue and be sued); *see also Paredes v. City of Odessa*, 128 F.Supp.2d 1009, 1013-14 (W.D. Tex. 2000) (dismissing plaintiff's claims against the Odessa Police Department, because the City of Odessa Charter did not establish that the police department was an independent legal entity).

***Preclusion Order***

Finally, it should be emphasized that, on March 24, 2015, Judge Lynn Hughes of the United States District Court for the Southern District of Texas, issued an order to preclude Menefee from filing new cases in this district without first receiving written permission to do so. (Preclusion Order,

---

"moving force" behind Dunn's conduct. (Motion to Dismiss at 8; Third Amended Complaint at 2-3). *See Anderson v. Houston Police Dept.*, No. H-10-0868, 2011 WL 149346, at *1 (S.D. Tex. Jan 18, 2011) (dismissing *pro se* plaintiff's §1983 claim when plaintiff failed to identify "official policy" that was the "moving force" behind the alleged use of excessive force, presented no evidence of policy or custom condoning use of excessive force, and failed to show that policymaker "knew of, or was deliberately indifferent" to policy for use of excessive force).

*Menefee v. Google*, No. 4:14-cv-3429, Docket Entry #14). It is well established that a litigant's *pro se* status does not give him "license to harass others, clog the judicial machinery with meritless litigation[,] and abuse already overloaded court dockets." *Maringo v. Barnes*, No. H-07-2367, 2007 WL 2141364, at *1 (S.D. Tex. July 25, 2007) (citing *Farguson v. Mbank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Further, there is no constitutional right to prosecute frivolous actions, and a preclusion order is an appropriate tool for deterring such vexatious filings. *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277-78 (S.D. Tex. 1995). Preclusion orders have been used by numerous federal courts to protect the integrity of the judiciary, as well as the orderly and expeditious administration of justice. *Id.; see also Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir. 1987) (holding that a "prolific litigator" must obtain leave of court before filing any further complaints); *Abdullah v. Gatto*, 773 F.2d 487, 488 (2nd Cir. 1985) (a court may require petitioners to seek leave of the district court before filing *in forma pauperis* actions); *In re Green*, 669 F.2d 779, 787 (D.C. Cir. 1981) (per curiam) (ordering district court to enjoin *pro se* litigant from filing suit without leave of the court); *Pavilonis v. King*, 626 F.2d 1075, 1078-79 (1st Cir.), *cert. denied*, 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed. 2d 34 (1980) (holding that district court did not exceed the scope of its powers in restraining plaintiff from filing further lawsuits unless she first satisfied the court that her pleadings were sufficiently plain and definite). Likewise, the Fifth Circuit has acknowledged that "those individuals who abuse the courts may be denied access to the judicial system." *Kaminetzky*, 881 F.Supp. at 278 (*quoting Goodman v. Ballou, et al.*, No. 94–00162 (5th Cir. Nov. 1, 1994).

In this case, the preclusion order, dated March 24, 2015, was not in effect at the time that Plaintiff filed his first complaint; however, it had been issued by the time Plaintiff filed his Third

Amended Complaint. On this record, it is clear that Menefee has been disciplined, because of his litigation history, and that he was aware that his access to the judicial system had been restricted. Menefee has nonetheless continued to engage in frivolous filings in this district, and has failed to state viable claims in this case, despite repeated amendment. For that reason, it is recommended that each of Plaintiff's claims against Defendants be dismissed, with prejudice.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED**, with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 11th day of May, 2016.

**MARY MILLOY
UNITED STATES MAGISTRATE JUDGE**